UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

VICTORIA MORRIS,

      Plaintiff,

vs.

ELIPSIS ENGINEERING &
CONSULTING, LLC, a Florida
Limited Liability Company,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff, VICTORIA MORRIS ("Ms. Morris" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the Defendant, ELIPSIS ENGINEERING & CONSULTING, LLC. ("EEC" or "Defendant"), and alleges the following:

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay,

declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs..

## JURISDICTION, VENUE AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as Plaintiff's FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Orange County, Florida, therefore this venue is proper.

7. Defendant is a Florida limited liability company that is located and does business in Orange County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for

each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

12. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on

Human Relations ("FCHR") on or about June 9, 2020.

13. Plaintiff received her Right to Sue letter from the EEOC on March 18, 2021.

14. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

15. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

16. Ms. Morris worked for Elipsis as a Technical Administrative Specialist, from May 3, 2016, and was subsequently promoted to Associate Contract Support Specialist ("ACSS") in July 2019, and worked in that capacity until termination on July 6, 2020.

17. During her time with Elipsis, Ms. Morris was an excellent employee, with no history of non-ADA/FCRA/FMLA-related attendance, performance or tardiness issues.

18. In fact, Ms. Morris worked without issue until the COVID-19 outbreak, when she began to show a low-grade fever indicative of the deadly viral disease and was allowed to work from home as a result.

19. On March 23, 2020, Ms. Morris sought medical attention and was diagnosed with her disability; pursuant to this diagnosis, Ms. Morris' physician informed her that her disability may flare up, causing her extreme pain, and excused her from work until March 30, 2020.

20. While Ms. Morris was thankfully not diagnosed with Coronavirus, her physicians informed her that her symptoms were related to gallstones/gallbladder disease.

21. Ms. Morris' medical condition causes her extreme bouts of pain that substantially

4

limit the major life activities of walking, standing, lifting, bending, concentrating, thinking, and working, and as such, is considered a "protected disability" under the ADA/FCRA.

22. Ms. Morris immediately informed her Supervisors, Sarah Blake ("Ms. Blake") and Mike Allen ("Mr. Allen"), of her disability and need for leave.

23. Her supervisors, including Project Engineer, Renee Pearson ("Ms. Pearson"), directed Ms. Morris to Human Resources Representative, Tom Archambault ("Mr. Archambault"), and she contacted same to ask for guidance on her FMLA rights.

24. Ms. Morris applied, and was eventually approved for, intermittent FMLA and continued working from home due to being a high-risk for patient for COVID-19.

25. Unfortunately, on April 27, 2020, Ms. Morris' disability flared up, causing nausea, vomiting, and extreme pain. Despite dealing with intense symptoms, Ms. Morris reached out to Mr. Allen and informed him that she was experiencing a flareup of her symptoms and would be unavailable for an hour or two.

26. After the worst parts of the flare up subsided, Ms. Morris continued communicating with her team and reviewing data relating to her current project.

27. That the same day, Ms. Blake sent out a stern e-mail to all Elipsis employees warning them to follow strict guidelines when reporting symptoms of illness or disabilities.

28. Pursuant to this, at the end of the workday, Elipsis instructed Ms. Morris not to return to work until she could provide a doctor's note.

29. On May 4, 2020, Project Managers, Carlos Dawson ("Mr. Dawson"), Aleacia Spann ("Ms. Spann"), and Ms. Pearson, called Ms. Morris and informed Ms. Morris that she would be under increased scrutiny, supervision, and surveillance.

30. When Ms. Morris inquired if other ACSS employees in Elipsis were being subject

to the same increased scrutiny, the Project Managers confirmed she was the only one.

31. Ms. Morris objected at this disparate treatment and informed the Project Managers that she would need to speak to Human Resources regarding this discriminatory disparate treatment.

32. The very next day after her objections, Mr. Archambault and Ms. Blake contacted Ms. Morris and informed her that she was being removed from her current project.

33. Utilizing her FMLA, on May 26, 2020, Ms. Morris underwent surgery and returned to work on June 4, 2020.

34. Upon Ms. Morris' return to work from FMLA, Ms. Blake immediately informed Ms. Morris that her ACSS position was not held for her, and instead, transferred her to an unrelated, undesirable position.

35. Again, Ms. Morris objected, and again, Elipsis failed to remedy its discriminatory and retaliatory actions.

36. Unable to escape Elipsis' pervasive discriminatory/retaliatory environment, and being stripped of all of her responsibilities, Ms. Morris had no other choice but provide her two-week notice of resignation on July 6, 2020.

37. Any reasonable person in Ms. Morris' position would have similarly felt compelled to resign.

38. Immediately after becoming aware of Ms. Morris' resignation notice, Elipsis' managers simply informed Ms. Morris that they were parting with her employment that same day, clearly indicating that its ultimate goal was to push her out of her position.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19, above.

40. At all times relevant hereto, Plaintiff was protected by the FMLA.

41. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

42. At all times relevant hereto, Defendants interfered with Plaintiff by refusing to restore her to the same, or equivalent, position upon her return from FMLA leave.

43. As a result of Defendants' willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 16, 17 through 21, 24 through 27, 30 through 39, 41 through 48, 49 through 60, 63, 65, 69 through 73, above.

46. At all times relevant hereto, Plaintiff was protected by the FMLA.

47. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

48. At all times relevant hereto, Defendants retaliated against Plaintiff for her use of FMLA protected leave.

49. Defendants acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take FMLA leave pursuant to the FMLA.

50. As a result of Defendants' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

51. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 16, 17 through 21, 24 through 27, 30 through 39, 41 through 48, 49 through 60, 63, 65, 69 through 73, above.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

54. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

55. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

57. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

58. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 16, 17 through 21, 24 through 27, 30 through 39, 41 through 48, 49 through 60, 63, 65, 69 through 73, above.

60. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

61. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

62. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

64. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 16, 17 through 21, 24 through 27, 30 through 39, 41 through 48, 49 through 60, 63, 65, 69 through 73, above.

67. Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt she was being discriminated against based on her disability.

68. Plaintiff's objections constituted protected activity under the ADA.

69. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

70. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

71. Defendant's stated reasons for Plaintiff's termination are a pretext.

72. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

74. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

75. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT VI
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

76. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 16, 17 through 21, 24 through 27, 30 through 39, 41 through 48, 49 through 60, 63, 65, 69 through 73, above.

77. Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt he was being discriminated against based on her disability.

78. Plaintiff's objections constituted protected activity under the FCRA.

79. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

80. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

81. Defendant's stated reasons for Plaintiff's termination are a pretext.

82. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

83. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

84. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

85. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 30th day of July 2021.

                                        By: **/s/ Noah Storch**
                                        Noah Storch, Esq.
                                        Florida Bar No. 0085476
                                        Email: noah@floridaovertimelawyer.com
                                        RICHARD CELLER LEGAL, P.A.
                                        10368 W. SR. 84, Suite 103
                                        Davie, FL 33324
                                        Telephone: (866) 344-9243
                                        Facsimile: (954) 337-2771

                                        *Attorney for the Plaintiff*